James JARRETT, Plaintiff—Appellant,

v.

EMERITUS CORPORATION, a Washington corporation; Emeritus Assisted Living Self–Funded Medical Plan; Emeritus Assisted Living Compensation and Benefits Director, Defendants—Appellees.

No. 03–35999.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided March 16, 2005.

Michael B. Hague, Esq., Paine Hamblen Coffin Brooke & Miller, Coeur D'Alene, ID, for Plaintiff–Appellant.

Candy W. Dale, Esq., Boise, ID, Katheryn Bradley, Esq., for Defendants–Appellees.

Before: KOZINSKI, FERNANDEZ and CLIFTON, Circuit Judges.

### MEMORANDUM [*]

We review the plan administrator's determinations for abuse of discretion. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089–90 (9th Cir.1999) (en banc). It was not unreasonable for the plan administrator to adopt the definition of "waiting period" from the current Department of Labor regulations under the Health Insurance Portability and Accountability Act of 1996, 29 C.F.R. 2590.701–2. Furthermore, it was not unreasonable for the plan administrator to use the applicable regulatory definition of the term "late enrollee," 29 C.F.R. 2590.701–3, to inform her interpretation of the term as it was used within the regulatory definition of "waiting period."

While it is unclear what the "earliest date" on which coverage could become effective under the terms of the Plan was, it is clear that Jarrett did not enroll until late November, and thus was outside the initial enrollment period under any defini-tion. Therefore, it was not unreasonable for the plan administrator to determine that Jarrett's enrollment date was his first day of coverage.

Because there is a reasonable basis in the record to support the plan administrator's determination that Jarrett received medical advice for his coronary artery disease during the relevant look back period, we affirm the district court's determination that the plan administrator did not abuse her discretion in denying Jarrett coverage for the medical expenses at issue here.

We conclude, however, that Jarrett most likely satisfies the threshold requirements for an equitable estoppel claim. *See Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 821–22 (9th Cir.1992). As we noted in *Greany*, a petitioner must establish that the plan provision in question is ambiguous and that the party to be estopped interpreted this ambiguity. *Id.* at 822 n. 9.

While it is clear that in order to obtain coverage during the initial enrollment period an employee must submit an enrollment form within a certain period of time in relation to his eligibility date, the use of the phrase "within 'x' days of your eligibility date" renders the plan ambiguous. As acknowledged during argument, the phrase "within a period of time of a point certain," could mean the period of time either immediately preceding or immediately following the point certain. *See, e.g.,* The American Heritage Dictionary of the English Language 1219 (4th ed.2000) (defining "of" both as a function word used to convey "away from; at a distance from" as well as "before; until"). Therefore, not only is the numeric value of "x" inconsistently defined within the plan, it is unclear whether a timely application is one that

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

precedes or one that follows an employee's eligibility date within a specified time period.

Assuming Krystal Gordillo had authority to make representations regarding the plan, Defendants interpreted this ambiguity if Gordillo informed Jarrett that his enrollment form had to be submitted prior to his eligibility date, and rebuffed any attempts Jarrett may have made to enroll subsequent to his eligibility date, but within the specified period, as untimely.

We remand for further consideration of Jarrett's equitable estoppel claim, including whether the four elements of federal common law estoppel are satisfied. *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1096 (9th Cir.1985).

Each part is to bear its own costs.

AFFIRMED IN PART, REVERSED IN PART and REMANDED